School Board. This appeal is about whether a resolved case can be reopened decades later by people who were never parties to it. In the 1960s and 70s, the original plaintiffs courageously litigated this case for a decade, obtained the relief they sought, and then left the case. Now a half century later, new families have substituted the original plaintiffs and moved for further injunctive relief. These are new parties trying to raise new claims, and their revival efforts are procedurally improper on all counts, most strikingly because they lack Article III standing. But let's talk about, I don't know if it's procedurally improper or not, but how are we here? I mean, do we have jurisdiction to consider what the school board has appealed? Because it doesn't, it sure doesn't feel like a final judgment or anything modifying the injunction, yet it doesn't seem like the district court's gotten there. Absolutely, Your Honor. Yes, this appeal fits squarely within the court's 1292A1 jurisdiction. Both orders on appeal continue injunctions, refuse to dissolve injunctions, or have the practical effect of doing so. And the key to understanding this is the two motions to dismiss that the board filed. The first motion sought dismissal of the original plaintiffs' claims as moot and dissolution of the injunctions. Now, the new families not only opposed that motion, but then sought further relief. And so the board filed a second motion seeking dismissal of the new families for mootness, lack of standing, failure to intervene, failure to state a claim, latches, failure to prosecute, and failure to comply with Rule 60b-5. The two motions overlap on only one issue, mootness, because of course, if claims are moot, that precludes Article III jurisdiction no matter who asserts them. And the first order on appeal, the January bench ruling, denied the second motion in its entirety and expressly refused to consider mootness in either motion. But there's still a motion to dissolve the injunction that's pending and presumably will be ruled on, which would lend finality in terms of appealability, would it not? Not finality, but again, we will have another appeal under 1292A1. And there's two things that happened in what the district court has done and two different reasons why we have 1292A1 jurisdiction now. The denials of those motions to dismiss are immediately appealable under this court's 2014 Thomas decision in the St. Martin Parish desegregation case. Thomas, at page 384, holds that a motion seeking dismissal of a desegregation case at least implicitly argues that the injunction should be dissolved. So a denial of such a motion has the practical effect of refusing to dissolve injunctions. And from there, the district court also refused to consider the board's Rule 60b-5 dissolution arguments. The January bench ruling in ROA 8682-84 limited dissolution strictly to the green factors. And the February— It hasn't yet ruled on the 60b-5. The district court has said it's not going to consider it at all. It's going to resolve this case on the green factors. Right, but it hasn't ruled. Saying I'm not going to look at that right now or I may not look at that, it's not a ruling on that. It is. It's either an actual or a practical denial. And I would point the court to the January bench ruling we have. Again, that's ROA 8682-84. And here's what the district court says. We're going to proceed to an evidentiary hearing or series of evidentiary hearings on the green factors. The district court views new claims as a contingent request that only comes into play after the court has made some determination that a green factor has not been satisfied after an evidentiary hearing. And then the court essentially holds that the new family's claim—essentially holds the new family's claims in abeyance until after a determination is made on the green factors. And then from there, we have the February order at ROA 8513 excluding all Rule 60b-5 evidence and arguments. The bottom line is that the district court simply isn't going to decide our Rule 60b-5 arguments at all because it believes that that rule doesn't apply in desegregation cases. And we—the district court has not indicated that it's going to issue a written order saying I deny dissolution under Rule 60b-5. Did you ask for that to be—for a specific order and then that to be severed so you could repeal it? We have not asked for that. But we—the fact that the district court is bound and determined to decide this case on the green factors regardless of all the other—the board's other procedural arguments, we believe is either an actual or practical refusal to dissolve injunctions under Rule 60b-5. Well, but that's a—it's just difficult because I mean I'm looking—this is a one paragraph order in February of 25 where the court says it's just not going to include oral argument or presentation of evidence concerning Rule 60b-5. I mean, how is that substantively different if the court's going to go forward and consider the motion to dismiss going through Dowell or going through the other desegregation factors? I mean— Because the board—the board believes that this case should be dissolved on Rule 60b-5 and we don't have an opportunity to make those arguments. The district court isn't going to decide that issue. Now, it refuses— But again, even that order doesn't decide Rule 60b-5. It just says it's not going to entertain those evidence or arguments during the hearing that's coming up. And if the court were to find that it doesn't have appellate jurisdiction over the February order, it certainly has appellate jurisdiction over the January bench ruling separately. We filed two separate appeals from each order. We intended them to be separate standalone appeals. For reasons I can't quite explain, the clerk's office combined the two and we've proceeded accordingly. But to the extent that the court thinks that it doesn't have jurisdiction over Rule 60b-5, it certainly has jurisdiction over the denial of the board's second motion to dismiss under the 2014 Thomas decision. And that's because the court later clarified that it dismissed it or denied the motion in its entirety.  But even the January ruling wasn't very clear. You had to get clarification about what it was. Correct. But we still had another motion to dismiss pending by that time. The two motions were pending essentially at the same time. Yes. And the district court— But the one motion remains pending. It does. And there's going to be a hearing. But not on any of the issues raised in the first motion. This is the board's only opportunity to seek review on those issues. But a lot of those, that was the laundry list you ticked off initially. They are not raised in the first motion. And the court has said, except for the mootness issue, and the court has said, I'm not considering mootness now and I'm not considering it when I reach the board's second motion. The class was certified in 2020. Is that right? Yes. But you didn't appeal that certification, though 23F would have given you the right to an immediate appeal. I'm just wondering why that is so. That would have clarified a lot of the issues here several years ago. Yes, Your Honor. And the 23F appeal is permissive. The fact that the board didn't attempt it doesn't mean that it's precluded from raising those issues later. And I wasn't suggesting that, but I just—you object, I assume, to the certification of the class. You don't think that was appropriate. I'm assuming that. Yes, Your Honor. And we think that the district court lacked jurisdiction to certify the class. Okay, but you could have appealed that. Yes. But again, the board didn't. And part of the reason that the board didn't take an early appeal, it could have, but it chose not to because it knew that discovery was coming and at the end of discovery there would be a dispositive motion. It would have another opportunity to—that these issues would be clarified through discovery. But if the case is moot, if the claims are resolved, if the class was graduated, literally, from school years and years and years and years ago, I mean, part of the problem I think the court is having is figuring out why are we here now? I mean, 40 years went by when the board could have moved for unitary status, clarified what those rulings were in the early 80s, I guess. There's radio silence for decades. Yes, Your Honor. And now suddenly you come in and you do discovery for multiple years and I'm still grappling with what are we here on exactly now that's doable? The denial, most importantly, the denial of the board's second motion to dismiss because we believe that the new plaintiffs have no standing to be here. You had that in 2019 also, a denial of a motion to dismiss the case is moot. It only raised the mootness issue. It didn't raise standing. It didn't raise failure to prosecute. It didn't raise these other problems. That's what you say is here, the mootness and these other issues. But you're saying mootness is enough. And you didn't do that in 2019 either, so that's another example that you could have made the same argument. If you are correct, then you could have made this in 2019 and you could have argued in 2020 and you could have done unitary status before. And so now we're on this kind of precarious possible jurisdiction situation. It's just very unusual when there's a pending, a motion which would definitely give jurisdiction, right, would be dispositive. Your Honor, I would like, there's a lot in there that I'd like to unpack. First, 1292, there's nothing in 1292 that precludes a defendant from filing multiple motions to dismiss an injunction. And we know under 23F that in a case where a defendant is certified, a defendant can seek to alter or amend that certification at any time until final judgment. And the only issue that is shared between the two motions is mootness. Standing, the new family standing is not raised in that second motion. The district court is not going to re-decide that issue. Not failure to prosecute, not latches, none of those procedural... I guess I don't understand how you can say definitively what the district court is or is not going to do. The district court may have expressed present intentions based upon what he has before him right now. But you can, if the district court really isn't going to do things, you can get him to memorialize those and get those severed out and taken up. And if he refuses to do those, then you have a record on that. And that's why we sought clarification that had he denied our second motion in its entirety. And he said, yes. And that second motion, that essentially is severed. Again, the only issue they overlap on is mootness. Essentially is severed? I mean, it is no longer before the district court. He has denied it in his entirety. He's not going to reach those issues or re-decide those issues. This is the board's only opportunity to seek review of those issues. So let me suggest two possibilities. I'm not suggesting what we may do in this field, but suppose that we agree that we have no appellate jurisdiction right now. But we write an opinion that explains that, but an opinion telling the district court what it really needs to do to clarify or to decide pending issues. That's option number one. Option number two would be that we do a limited remand, which would open up jurisdiction in the district court to just about anything and give the district court an opportunity to make any kind of clarifying rulings that would then still be pending with this appellate panel. What about those two possibilities? Again, if we disagree with you about current appellate jurisdiction. Yes, your honor. We wouldn't object to a limited remand with clear instructions that the district court issue or reasons for its denial of the board's first motion on standing, failure to prosecute, latches, et cetera. We think those issues are dispositive. We have the district court saying those issues are denied and we think that we can be here, but to the extent that the court would like further explanations from the district court, we would not object to a limited remand. I would also say What about the first option? That was the second option that I presented to you. Remanded either way, whether it's limited or whether it's a full remand with clear instructions that the district court issue written reasons about why it has denied those issues, we would object to. The important thing for us is the clear instructions. The district court, we're facing a district court that is bound and determined to decide this issue on dowel and the green factors, regardless of the lack of article three jurisdiction standing, et cetera. The board is entitled to raise those issues and we agree that the district court should have reached them and should have provided explanations for why it was denying them. Finally, just finally, about 1292 jurisdiction. These issues are all inextricably intertwined and to the extent that the court agrees that it has jurisdiction on one issue, it has jurisdiction on the other issues. The board, again, is facing a series of evidentiary hearings on the green factors against parties who have no standing to seek that determination and on claims that have been resolved for 50 years. And as far as if the court agrees that it does have jurisdiction and we strongly believe that it does, we would urge the court to adopt the Duhon analysis. This case was a test case for Duhon and Duhon essentially replicated its steps a few years after the legal defense fund and their local council revived this case by enrolling on behalf of the original Zudro plaintiffs. They did the same thing down to the same local council in the Duhon case. And Duhon reasoned that those original plaintiffs' decades of absence meant that they were no longer before the court, they'd won the relief they sought, their claims were concluded in moot, and there was no longer a case or controversy. I see I'm out of time if I can just have two moments, two sentences. Sure, and then I have a couple questions for you. Absolutely. And the new families there lack standing because they also had no injury of their own, even if the case were a class action. While the legal defense fund and local council claimed to represent the plaintiff class just like here, it was unclear with whom the moving attorneys actually had an attorney-to-client relationship, if anyone. And instead, the attorneys the Duhon court held were the real movement seeking to revive that case, but they could not because they were not aggrieved parties with a claim or injury of their own. And those exact same jurisdictional defects exist here. And we believe that Duhon is the most direct way to Can a district court dissolve a desegregation order under 60B without analyzing the green factors endowal, which you seem to argue emphatically is what should be done? Yes, Your Honor. What case says that? What case says that? We have desegregation cases that we've cited in our briefing that have applied Rule 60B-5. Which case says that you can do it without analyzing the applicable factors, green endowal? We don't have a case from the Supreme Court saying that. Do you have a case from the Fifth Circuit that says that? The case is, we do not have a case from the Fifth Circuit either. You don't have a case that says that? When I get back up here on rebuttal, I will point the court to the pages in our briefing that cite desegregation cases that have applied Rule 60B-5. Without analyzing the green endowal factors? Yes. And we believe that these are independent bases for seeking dissolution. We have Rufo and Horn that essentially viewed all... But Horn is not a desegregation case. That is true. It's an institutional reform case. And what Horn says or how Horn views desegregation and Brown v. Board is essentially that it was the originator of all institutional reform litigation. And so all those cases flow, and it very much views desegregation as institutional reform post-judgment dissolution. Thank you very much. You've saved time for rebuttal. Thank you, Your Honor. Okay. We'll hear from Ms. Young. Michelle Turnage Young for the Plaintiff's Class. May it please the Court? I'd like to make four points. First, this Court does not have jurisdiction. Opposing counsel invites the Court to wade into issues that remain undecided below, usurping the authority of the district court. The Board is appealing from two one-sentence case management orders in which Judge Summerhase merely declined to strike a pleading from the docket and clarified the scope of a future evidentiary hearing. Neither order is appealable as neither order has the practical effect of continuing or refusing to dissolve an injunction. And the Board concedes as much, and it's now withdrawn motion to stay the appeal. And actually, I'm going to skip over a few points, but I do want to emphasize that the Board, its motion to strike wasn't a dispositive motion. How do we know this? Well, that motion claims to strike or dismiss the pleading. That motion wasn't filed until a month after dispositive motions were due. That motion doesn't begin to suggest the entire case be dismissed until a throwaway mark, probably about 19 pages buried into the brief. I don't know that anyone actually understood that to be a dispositive motion. As you know from the Escambia County case, district courts were instructed by this court not to reach substantive issues on a motion to strike. And I believe that's what Judge Summerhase did. He merely said, we're not going to strike this pleading from docket. We'll address it after we have some evidentiary hearings. And the plaintiff class would submit that the next thing that needs to be done here is to allow Judge Summerhase to rule on the Board's dispositive motion that is still pending below. I'll note that all of the issues that the Board timely raised remain pending in the court below. So all of the issues that they've raised before this court were waiting on the district court judge to issue a ruling. So how about a limited remand that would instruct the court to explain its ruling or to be more precise so that we'll know whether there's a finality that would save the necessity of an additional appeal, which could take years, and it would stay with this panel. And then we would look at what the district court did on limited remand and would rule whichever way we thought was appropriate. And the plaintiff appellee class feels that that's a reasonable way to proceed. We would also ask that the limited remand instruct Judge Summerhase to go ahead and hold the evidentiary hearings on the grain factor so that we could also have a ruling as to those issues so that this court has a more fulsome record from which to address and digest the issues that are brought before it. What were your arguments two through four? You had your one. I did. So what are your two through four? When somebody starts out and they say they have four points, I want to know what the four points are. Of course. You could just say them. I'll briefly say them. So the second point was just that Graves is finding here. This is an issue. Was what? Graves. So this is an issue that's pending before the district court. So this is the implied class action. Isn't that Graves, the implied class action? So yes, in Graves, right? This is an issue that's pending before the district court. So you don't need to reach this issue. But just for the sake of completion, I'll share that this case was filed as class action in 1965 before the rules required certification. The board stipulated that it was a class action. The court accepted and relied upon that stipulation in rendering judgment and granting decades of class five relief. The court and the 2019 motion to dismiss this case as move that came from the board and that the court denied. The court invited them to appeal. They chose not to appeal. They also chose not to appeal in 2020 when the class is recertified. And of course, then you get years of very intense motion practice. They deposed our plaintiff class representatives. There's lots of discovery and they're making moves to try to do what they need to do to eliminate the messages of jurisdiction so that they can achieve unitary status. They're making changes to some of their inter-district transfer policies. So that's what's happening. That was a intentional strategic choice on their part not to appeal that. That appeal would of course be untimely here. It's not properly before the court. They did re-urge that issue and the still pending dispositive motion below. But of course, Judge Summers hasn't had an opportunity to rule on that yet. He has told us the ruling is forthcoming, but he hasn't actually rendered that ruling. What about three? Three? Yes, of course. So the third thing is that, of course, Dow governs. Say it again? The Supreme Court's decision in Dow governs the board's still pending dispositive motion. Per the Supreme Court, the school board can only be released from a desegregation order by doing what hundreds of school districts have successfully done. And that's by satisfying the easily achievable common sense requirements laid out in Dow on its progeny. Here, that means, for example, that the board may not continue its decades-long practice of assigning twice the normal share of white students to its four formerly de jure white schools. And it can't allow pest infestations and other facilities issues to fester at the predominantly black schools. This is especially so where the board's expert admits that there are further things that the board can do to address the issue of segregated school. But if we reached all these things you're talking about, and I understand the school board wants us to do so, I guess, to some degree, we'd be doing it in the initial instance. In other words, the district court hasn't ruled on this stuff yet. No, Judge Summerhase has not ruled on this stuff yet. He did assure us early last year that a decision was forthcoming. But, of course, there was the notice to appeal after he issued the de jure hearings and declining to strike a pleading from the docket. So has he been able to proceed? He can still proceed with the pending appeal. He hasn't. But there's nothing that would preclude him from proceeding. That's correct. When we have some cases right now and other cases where district courts are proceeding along with this type of appeal, I'm not sure. Anyway, I'll have to, number four. Yeah, so the fourth point is just that none of the board's collateral attacks that are still pending below changes the fact that binding precedent holds that the mere passage of time cannot relieve the board of its constitutional obligations to desegregated schools. And I would just ask that the court dismiss this appeal for lack of jurisdiction or affirm the district court's orders. But I'm, of course, open to any further questions you might have. Does anybody have anything further? Thank you. We have your argument. I have just four quick points on rebuttal. To the extent that the court believes that a limited remand is appropriate, we wouldn't object, as we said before. We would very strongly push back on the idea that that limited remand needs to include an evidentiary hearing on the green factors. That is already going to happen in the district court. And what the parties need here, and the district court as well, is clarification on the legal standards. This is very much like the Chisholm case. There, in fact, the parties agreed on the outcome, but there was a very hot dispute about what legal standard applied. And that's the clarification that we need. So in any limited remand order, it would be very important for the court to direct the district court to provide written reasons on its denial of the board's second motion to dismiss on things like mootness, standing, failure to prosecute, latches, et cetera. And Judge Elrod, I owe you some citations. This is from pages 30 to 31 of our reply brief. And we have cases from the 8th Circuit, two cases from the 8th Circuit, a case from the 10th Circuit. It's actually a later iteration of the Dowell case. We have a case from the 6th Circuit and a case from the 7th Circuit that have applied Roe 60 v. 5 in the desegregation case. Finally, the Graves issue is no longer pending before the district court. It has said, I'm not revisiting the class certification issue now or in the future. Again, that should be one of the issues that is included, the pure legal issues that is included in a limited remand. But you agree that Graves, this court's decision from 1982, is still binding press? We believe that it is flatly inconsistent. It's inconsistent with Spangler, but it's still binding press? It's inconsistent with the Supreme Court's subsequent decisions. There's the Taylor 2008 decision, Smith 2011, and Sanchez-Gomez case in 2018 in which the Supreme Court says courts are not allowed to recognize de facto or common law class actions. And the reason they're not is because it harms the absent member's due process rights. They can be bound to judgments without knowing when certification and when the class arose. And that's what we have here. And we, again, the inherently transitory exception and the Supreme Court's more recent Rule 23, no class action, excuse me, no implied class action doctrines weren't raised to the court in 2018-2019 when it considered that issue. And it said, I've looked at the inherently transitory exception and I'm sticking with what Judge Brady did in 2019-2020. And so we would ask for the limited remand order, direct the district court to consider that issue, consider the Supreme Court's more recent Rule 23 cases and decide- Which Supreme Court precedent unequivocally overruled Graves? Not Graves. What it says is courts are not allowed to recognize de facto or common law class actions. Well, this was not that. It was just under an old version of Rule 23. Yes, that became mandatory in 1966. And we have the Supreme Court saying it will apply in all cases then appending so that the courts needed to certify to follow the Rule 23 analysis at that or in issue an order saying in their opinion that was infeasible or would work in justice. We have neither of those things in this case. And so we have the Supreme Court saying in 66, these rules, these now mandatory rules will apply. You need to recertify, court doesn't do it. And now we have the Supreme Court saying more recently, no de facto class actions. Unless the court has any further questions, we would ask that the court find 1292 jurisdiction and reverse and render judgment for the board or in the alternative, a limited remand with specific instructions that the district court provide written reasons for why it denied the board's second motion to dismiss. Thank you. Thank you. Thank you. We have your argument. We appreciate both arguments in the case. The case is submitted.